## James E. Johnson, Conservator, Appellant, v. W. O. Taff, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

### Statement of the Case.

Suit by James E. Johnson, conservator of Mary A. Taff, complainant, against W. O. Taff, defendant, to set aside a certain bill of sale and a certain lease executed by Mary A. Taff to the defendant. From a decree dismissing the bill for want of equity, complainant appeals.

STEVENS & HERNDON, for appellant.

DAVIS McKEOWN, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

### Abstract of the Decision.

1. EQUITY, § 482*—*when complainant not entitled to decree.* Although a complainant may make out by proof a case which entitles him to relief, yet he can have no decree unless the allegations of the bill are adapted to the case proved.

2. PARENT AND CHILD, § 65*—*presumption as to fraud or undue influence.* There is no presumption of law that a conveyance from a parent to a child is the product of fraud or undue influence.

3. PARENT AND CHILD, § 41*—*when conveyance by parent to child set aside.* There must be proof of fraud and undue influence in fact to set aside a conveyance by a parent to a child.

4. CANCELLATION OF INSTRUMENTS, § 5*—*when evidence sufficient to show competency of ward to transact business.* Evidence *held*

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to sustain the finding that complainant's ward was competent to transact business at the time she executed a certain bill of sale and a certain lease to the defendant, in a suit by a conservator to set aside such bill of sale and lease on the ground of his ward's incompetency at the time of execution of such bill of sale and lease.

5. CANCELLATION OF INSTRUMENTS, § 5*—*when evidence sufficient to show execution of instruments understandingly and of free will by ward.* The preponderance of the evidence *held* to show that complainant's ward executed certain instruments understandingly and of her own free will, in a suit to set aside such instruments on the ground of fraud and undue influence in their execution.